IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY BOISVERT and SHANNON BOISVERT,
Individually, and as Parents and Next Friends of
BRECKEN BOISVERT, Minor,

           Plaintiffs,                           OPINION AND ORDER
                                                                   No. 14-cv-14-wmc

    v.

LENNOX HEALTH PRODUCTS, LLC,

           Defendant.

---

In this civil action, plaintiffs Troy and Shannon Boisvert, individually and as parents of Brecken Boisvert, allege that defendant Lennox Health Products, LLC, was negligent and strictly liable for injuries caused by a fireplace designed, manufactured and sold by defendant Lennox Health Products LLC ("LHP"). (Compl. (dkt. #1).) Plaintiffs allege that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 1.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiffs will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an

1

amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that subject matter jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl (dkt. #1) ¶ 1.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Plaintiffs' allegations as to the parties' citizenship prevent this court from determining if this is so.

First, starting with defendant, "the citizenship of an LLC is the citizenship of each of its members," yet plaintiffs have not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the complaint lacks *any* allegations regarding the names or the citizenship of any of defendant LHP's members. Instead, plaintiffs allege that "LHP is a Delaware Corporation with its principal place of business at 1508 Elm Hill Pike, Suite 108. Nashville, TN 37210." (Compl. (dkt. #1) ¶ 4.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the

2

citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Plaintiffs also allege that they are "residents" of Wisconsin. (Compl. (dkt. #1) ¶ 3.) Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we *are* speaking strictly), for an individual person, plaintiff must allege her *domicile* rather than her residence. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. *Id*.

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging (1) the names and citizenship of each member of defendant's LLC; and (2) confirming plaintiffs are citizens (rather than simply residents) of Wisconsin. In alleging the LLC's citizenship, plaintiffs should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) plaintiffs shall have until May 5, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 21st day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge